**SCHLOSS BROS. & CO., Inc., v. MONONGA-
HELA NAT. BANK et al.**

**No. 4609.**

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1932.

George D. Wick, G. W. Smith, and Campbell, Wick, Houck, Thomas & Nixon, all of Pittsburgh, Pa., for appellant.

James Milholland and Frank W. Stonecipher, both of Pittsburgh, Pa. (Stonecipher & Ralston and Alter, Wright & Barron, all of Pittsburgh, Pa., of counsel), for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an appeal from the order of the District Court for the Western District of Pennsylvania disallowing the claim of Schloss Bros. & Co., Inc., the appellant, against the estate of J. G. Bennett Company, a bankrupt. The Monongahela National Bank, an objecting creditor, joined the trustee in opposing the claim.

Before the transaction in question was effected in November 1926, the J. G. Bennett Company, the bankrupt, was apparently in a sound financial condition. In October, 1926, it borrowed a considerable sum from the Monongahela National Bank; a greater part of the loan being outstanding at this time.

On November 3, 1926, T. C. Wilson, the president and general manager of the J. G. Bennett Company, applied to the appellant for a personal loan of $50,000 to enable him to finance the purchase of the outstanding stock of the bankrupt. That fact was known to the appellant. The appellant told Wilson that it would not make a personal loan, but would arrange to discount a note of the J. G. Bennett Company. To this Wilson replied that he would give his own note indorsed by the company, representing that he was authorized to make the indorsement. The note was prepared at that time, the bankrupt being the payee; Wilson, the maker; and the bankrupt, the indorser, by Wilson. The original note was for the sum of $50,000, payable in 90 days. The note was renewed from time to time until January 29, 1928.

At the time of the transaction the following letter was prepared and signed:

"November 3rd, 1926

"Messrs. J. G. Bennett & Co., Inc.,
    Pittsburg, Pa.

"Gentlemen: Referring to our interview with your Mr. T. C. Wilson today and in accordance with his request we are pleased to inform you that we have arranged a loan for you of $50,000, on the note of Mr. Wilson made payable to your corporation and endorsed by yourselves.

"The note to be for a period of ninety days at 6% per annum, payable in advance and the note will be renewed or extended from time to time as long as same may be needed by you and your business continues to show good progress and the security remains unimpaired and upon the further conditions that you will handle our clothing each season and give us a reasonable amount of business and keep a satisfactory account with us otherwise and furnish such statements, of your business or financial condition as may be required from time to time.

"We are very glad to make this arrangement for you and look forward to long continued pleasant dealings and you may also

rest assured that we are always glad to do all we can for your interests.

"With best wishes, we are

"Yours very truly,

"Schloss Bros. & Company, Inc.

"BFC:MB          Per B. F. Caston, Secty."

"The loan above mentioned under the conditions stated is entirely satisfactory to us.

"The J. G. Bennett Co.

"T. C. Wilson, President"

The appellant sent Wilson a check payable to the order of J. G. Bennett Company. Wilson deposited the check to the bankrupts' account, and immediately withdrew the exact amount and deposited it to his own account. The proceeds were used to purchase the stock of the bankrupt by Wilson. From time to time Wilson made payments to the appellant on the loan by his personal checks.

The charter of J. G. Bennett Company, the bankrupt, states its corporate purposes as follows: "Carrying on the retail business of men's and women's furnishing goods and the manufacturing of any and all kinds of goods, merchandise and articles necessary to or embraced within men's and women's furnishings, and wearing apparel."

Wilson testified that the by-laws of the bankrupt authorized the president and treasurer to execute evidence of corporate indebtedness, and that, while there is nonrecorded authorization of the corporation to pledge its credit in this transaction, the officers and directors were familiar with it, and informally consented to its being effected.

The referee concluded that it made no difference whether the appellant made the loan to Wilson, or the bankrupt, that the bankrupt could neither borrow the money for Wilson's benefit nor bind itself as an accommodation indorser, to the prejudice of its creditors, and that the appellant's knowledge of the use to which the proceeds of the note were to be placed barred its claim.

■ Two constructions upon this transaction are possible here, viz, that it was a loan to the bankrupt, or a loan to Wilson. If the former, the loan was unauthorized and ultra vires; if the latter, the bankrupt was an accommodation indorser, and without power to make such an indorsement.

The transaction involving the bankrupt was substantially for the accommodation of Wilson. The bankrupt received no value, no consideration. Wilson went to the appellant to secure a personal loan. It was refused, and he then gave his personal note indorsed by the bankrupt. It is apparent that the loan was made to Wilson personally. The fact that the letter quoted above and check for the proceeds of the loan were formally addressed to the bankrupt company will not change the nature of the loan. Both were subsequent to the loan.

■ The bankrupt had no express power to issue or indorse accommodation paper, and it is settled that a corporation has no implied power to do so, since such a transaction is usually foreign to the purposes of a corporation. Section 29, Negotiable Instruments Law, Pa. (56 PS §§ 66, 67); Smith v. Nelson Land & Cattle Company (C. C. A.) 212 F. 56; Park Hotel Company v. Fourth National Bank (C. C. A.) 86 F. 742. The nature of the transaction was known to the appellant, and, even if it be true that the bankrupt's indorsement was made for the accommodation of Wilson, the appellant has no valid claim.

■■ But assume that the transaction was in reality a loan to the bankrupt corporation. The bankrupt had the implied power of issuing negotiable instruments in respect of any matter or thing which it is authorized by its charter, or statute, to do and which is not foreign to the purposes of its creation. Mahoney Mining Company v. Anglo-Californian Bank, 104 U. S. 192, 26 L. Ed. 707; In re Lance Lumber Company (D. C.) 224 F. 598. The present transaction was not necessary or proper in the conduct of the bankrupt's business. The bankrupt in indorsing the note was doing an act beyond its powers. Therefore the appellant, who knew all the circumstances, cannot say that the transaction is presumptively regular. The transaction was beyond the powers of the bankrupt, and it was unable to bind itself to the appellant who shared in the knowledge. The bankrupt's indorsement, whatever the nature of the transaction, was ultra vires, of which the appellant had notice, and the bankrupt is not liable.

The appellant cites a number of cases which held that it is no defense to a suit to enforce a contract for the repayment of money loaned, that the borrower intended to use or used the money for a purpose beyond its powers, and that the lender knew the borrower's intention. Armstrong v. Toler, 24 U. S. (11 Wheat.) 258, 6 L. Ed. 468; Armstrong v. American Exchange Nat'l Bank, 133 U. S. 433, 10 S. Ct. 450, 33 L. Ed. 747; Kansas City Hydraulic Press Brick Company v. National Surety Company (C. C. A.) 167 F. 496. But in those cases there is no question of the power of the person or

corporation to borrow. The contract of loan was valid, but the subsequent use of the proceeds was for some purpose not approved by the law. There the two transactions are separate and independent of each other. Here there is no authority to borrow for the purpose intended.

The order of the District Court affirming the decision of the referee that the claim should be disallowed is affirmed.