In re MARBLEHEAD LAND CO.

STANDARD OIL CO. OF CALIFORNIA v. CADWALADER.

No. 8619.

Circuit Court of Appeals, Ninth Circuit.
April 13, 1938.

Lawler & Felix, Arch. H. Vernon, and Earl E. Johnson, all of Los Angeles, Cal., for appellant.

Salisbury, Robinson & Himrod, W. B. Dennis, and Arthur E. White, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment—calling itself an "order"—rejecting appellant's claim of $15,200.85 against the Marblehead Land Company (hereafter called Marblehead), debtor, in a corporate reorganization proceeding under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207.

Such judgments are appealable under section 25a of the Bankruptcy Act, as amended,[1] 11 U.S.C.A. § 48(a). This appeal was allowed by the District Court which rendered the judgment, and by this court. Allowance by the District Court was sufficient. Allowance by this court was unnecessary, but harmless.

Marblehead was a Delaware corporation, but had an office and conducted its business in Los Angeles, Cal. At all times here pertinent, Marblehead had issued and outstanding 5,100 shares of stock, of which 4,000 were owned and held by the Rindge Company, a corporation, 900 by M. K. Rindge, and 200 by Rhoda R. Adamson. M. K. Rindge was Marblehead's president. Frederick H. Rindge was its secretary. M. K. Rindge and Rhoda R. Adamson were its only directors. The Rindge Company had issued and outstanding 4,500 shares of

[1] Section 25a. "Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States * * * in the following cases, to wit, * * * (3) From a judgment allowing or rejecting a debt or claim of $500 or over. * * *"

stock, of which 1,000 were owned and held by Marblehead and 3,500 by M. K. Rindge and Rhoda R. Adamson.

On December 1, 1934, and at all times thereafter, M. K. Rindge and Frederick H. Rindge were indebted to appellant in the sum of $15,200.85, represented by their promissory note for that amount dated December 1, 1934, payable December 1, 1936, with 6 per cent. interest payable annually. Appended to the note was a guaranty reading as follows: "For value received, the undersigned Corporation guarantees payment of the above promissory note of Frederick H. Rindge and M. K. Rindge." The guaranty was signed "Marblehead Land Company, a corporation, by M. K. Rindge, Pres. [and] by Frederick H. Rindge, Sec'y."

Contemporaneous with, and constituting part of, said guaranty, and signed in the same way, was a deed of trust conveying to a trustee certain real property of Marblehead for the purpose of securing payment of the above-mentioned indebtedness. The deed was dated January 25, 1935, and recorded February 19, 1935.

Prior to the execution of the guaranty and deed of trust, there had been no corporate action authorizing or purporting to authorize such execution, but a resolution purporting to authorize such execution was adopted at a meeting of Marblehead's board of directors on February 11, 1935; both directors (M. K. Rindge and Rhoda R. Adamson) voting therefor.

At the time of the execution of the guaranty and deed of trust and at all times thereafter, Marblehead was indebted to persons other than appellant in amounts aggregating $6,511,200.85, all of which was then past due, and is still unpaid. Of this indebtedness, more than $15,200.85 was, and is, wholly unsecured.

Marblehead's reorganization petition was filed on February 8, 1936, and was approved on February 10, 1936. Appellee was appointed as trustee on March 23, 1936. On July 27, 1936, the court made an order determining the time and manner in which claims might be filed, which time was thereafter extended to October 5, 1936.

Appellant filed its claim on September 29, 1936. Attached to and made part of it were copies of the above-mentioned note, guaranty, and deed of trust. Claims also were filed by the persons to whom Marblehead owed the $6,511,200.85 above referred to. Of these, the unsecured claims have been allowed. No claims have been paid. On February 6, 1937, appellee filed objections to appellant's claim and recommended that it be rejected. The District Court heard the matter and, on July 8, 1937, entered its judgment rejecting appellant's claim. This appeal followed.

Section 366 of the California Civil Code, as amended, by St. 1933, p. 1398, provides: "No corporation or any of its subsidiary corporations shall make any loan of money or property to or guarantee the obligation of (a) any director or officer of any such corporations, directly or indirectly * * *; provided that any such loan or guaranty may be made by the vote or written consent of the holders of two-thirds of the shares of all classes regardless of limitations on voting rights, other than the shares held by the benefited director, officer or shareholder."

Appellant is here seeking to enforce Marblehead's guaranty of an obligation of M. K. Rindge and Frederick H. Rindge, both of whom, at the time of the guaranty, were officers of Marblehead, and one of whom (M. K. Rindge) was a director, which facts were admittedly known to appellant. The guaranty was not made by the vote or written consent of the holders of two-thirds of the shares of Marblehead's stock. The Rindge Company, holder of 4,000 of Marblehead's 5,100 shares, did not vote or give any consent, written or otherwise. Although M. K. Rindge and Rhoda R. Adamson—who, as directors of Marblehead, voted for the guaranty—held 3,500 of the Rindge Company's 4,500 shares, they were not the Rindge Company. Their vote was not its vote. The guaranty was a clear violation of section 366.

Because M. K. Rindge and Rhoda R. Adamson held all stock of Marblehead except what was held by the Rindge Company, and all stock of the Rindge Company except what was held by Marblehead, it is, in effect, contended by appellant that no one was injured by the guaranty, and that appellee is therefore not entitled to question its validity. This contention must fail. There was obvious injury to creditors of Marblehead. Being voidable at the instance of creditors, the guaranty was likewise voidable at the instance of appellee. Compare Pantaze v. Murphy, 5 Cir., 54 F. 2d 895; Schloss Bros. & Co. v. Monongahela National Bank, 3 Cir., 60 F.2d 365. Appellant's claim was properly rejected.

Judgment affirmed.