**In re B.Z. CORPORATION t/a Crooked Billet, Debtor.**

**B.Z. CORPORATION, Plaintiff,**

v.

**CONTINENTAL BANK, N.A., Defendant.**

Bankruptcy No. 81–04125G.
Adv. No. 82–2904G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 8, 1983.

---

George J. Wallace, Philadelphia, Pa., for debtor/plaintiff, B.Z. Corp. t/a Crooked Billet.

C. Gary Wynkoop, Philadelphia, Pa., for defendant, Continental Bank, N.A.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The defendant, Continental Bank, N.A. ("Continental"), has moved the court to dismiss a complaint filed by the debtor in possession, B.Z. Corporation ("B.Z."), which requests the avoidance of certain transfers between Continental and the debtor. For the reason stated herein we will grant partial relief.

The facts of this case viewed in the light most favorable to the plaintiff are as follows:[1] Continental granted a loan of $130,-000.00 on September 9, 1979, to B.Z. which was secured by the debtor's assets, the personal guaranty of Philip Franco ("Franco"), who is a principal in B.Z., and a mortgage on certain real property owned by Franco. B.Z. defaulted on the loan and Continental foreclosed on its mortgage on Franco's property, the proceeds of which reduced B.Z.'s indebtedness to $9,588.91. B.Z. subsequently filed a petition for relief under chapter 11 of the Bankruptcy Code ("the Code") on October 8, 1981. Prior to the filing of the petition the loan was renewed twice, the latter renewal having occurred within one year of the filing of the petition. Various payments on the loan were made within three months prior to the filing. Continental has filed a proof of claim for $9,588.91 which includes $7,469.61 in fees

---

1. In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A Moore's Federal Practice 12.08 (2d ed. 1982).

and costs incurred in foreclosing on the security interest in Franco's property.

■ The first two counts of the debtor's complaint are predicated on 11 U.S.C. §§ 544(b) and 548. Section 548 allows the debtor[2] to avoid certain transfers which occurred within one year prior to the filing of the petition. In the case at bench the loan was made prior to the one year period and thus is not avoidable under § 548. The renewal of the loan occurring within the one year period would not be avoidable under § 548(a)(2) since § 548(d)(1) provides that the renewal is deemed to have occurred at the time of the granting of the original loan because the loan was "so far perfected" at the time of the granting of the original loan that a bona fide purchaser could not have acquired rights in the collateral superior to the transferee, Continental. The loan payments made within one year prior to the filing of the petition are not avoidable since under § 548(d)(2)(A) the payments were made for value, i.e., "the satisfaction of . . . [an] antecedent debt of the debtor." Consequently, since all pertinent transactions are unavoidable under § 548, we will dismiss B.Z.'s claims for relief which are predicated on this provision.

■ Under 11 U.S.C. § 544(b) a trustee or debtor in possession[3] may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor who holds an unsecured claim in the bankruptcy proceeding. By reason of this provision, B.Z. asserts the applicability of the Pennsylvania fraudulent conveyance statute which states in pertinent part as follows:

§ 354. Conveyances by insolvent

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

Pa.Stat.Ann. tit. 39, § 354 (Purdon). Although the general tenor of B.Z.'s complaint implies that the debtor received Continental's loan funds, B.Z. contends in its brief opposing the motion to dismiss that it may be able to prove otherwise. If the funds were diverted to another entity, B.Z.'s granting of a security interest in its property to assure payment of the loan would be a fraudulent conveyance if B.Z. was insolvent or was rendered insolvent because of the transfer. Since B.Z. may be able to prove a case under § 354, we will deny the motion to dismiss this aspect of the first two counts of its complaint.

■ Counts 3 and 4 of B.Z.'s complaint state that Continental knew at the time of the granting of the loan that the funds would be used by B.Z. for unlawful corporate purposes, to wit, to satisfy the personal indebtedness of one of the corporation's principals and to redeem the stock of a shareholder at a time when the corporation was insolvent. In these counts the debtor seems to be objecting essentially to the amount of Continental's claim. In opposition to the motion to dismiss, B.Z. cites *Schloss Bros & Co., Inc. v. Monogahela National Bank,* 60 F.2d 365 (3d Cir.1932). In *Schloss* the Court of Appeals for the Third Circuit affirmed the lower court's disallowance of a creditor's claim against the estate of a corporate debtor. The court, after noting that the creditor possessed knowledge of all pertinent aspects of the transaction, stated that the incurring of the obligation by the debtor was beyond its corporate power since the proceeds of the loan were used by a principal of the corporation to purchase its stock. The court apparently determined that the debt was solely the obligation of the corporate agent rather than that of the corporation. In light of *Schloss* we will deny Continental's motion

**2.** Section 548 specifically authorizes only the trustee to avoid transfers under this provision but, subject to exceptions not pertinent here, 11 U.S.C. § 1107(a), gives the debtor in possession the same rights and privileges as a trustee.

**3.** See 11 U.S.C. § 1107(a).

to dismiss the third and fourth counts of B.Z.'s complaint.

B.Z.'s final pleaded cause of action asserts that Continental improperly augmented its claim against the debtor by adding the costs of legal fees and expenses incurred in foreclosing on the property of the debtor's surety, Franco. In proceedings under the Code, reasonable fees, costs and charges can be asserted by a secured creditor against a debtor when the creditor is oversecured so long as the agreement under which the claim arose provides for such charges. 11 U.S.C. § 506. In the case at bench some of the collateral securing Continental's loan was owned by the debtor while the rest was owned by Franco. To the extent that Continental's claim is oversecured by collateral held by the debtor, these charges are proper to the extent the loan agreement so provides. Nonetheless, the pleadings do not indicate whether the loan documents authorize these charges. Consequently, we will deny Continental's motion to dismiss the fifth count of the debtor's action.

██ Although not pleaded in B.Z.'s complaint, the parties have addressed the merits of an action against Continental under 11 U.S.C. § 547(b). As such it is part of this action by implied agreement. Bankruptcy Rule 7015; Fed.R.Civ.P. 15(b). In reviewing the briefs we find that the facts underlying this theory are too vaguely defined for us to conclude that B.Z. could not successfully prove this cause of action. Thus, we will not dismiss this cause of action.

In summary, we will dismiss the first and second counts of the debtor's complaint to the extent relief is predicated upon § 548 but will deny the motion as to the remainder of the complaint.