In re HECHINGER INVESTMENT
COMPANY OF DELAWARE,
INC., et al., Debtors.

Hechinger Investment Company of
Delaware, Inc., Debtor in
Possession, Plaintiff,

v.

M.G.H. Home Improvement,
Inc., Defendant.

Bankruptcy No. 99–02261(PJW).
Adversary No. 01–2645.

United States Bankruptcy Court,
D. Delaware.

Jan. 21, 2003.

Thomas J. Budzynski, Thomas J. Budzynski, P.C., Clinton Township, MI, Linda M. Carmichael, White and Williams, LLP, Wilmington, DE, for M.G.H. Home Improvement, Inc.

Mark E. Felger, John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Joseph L. Steinfeld, Jr., Karen M. Scheibe, A S K Financial, Eagan, MN, Co–Counsel for Plaintiff, Hechinger Investment Company Of Delaware, Inc., Debtor in Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

Before the Court are motions filed by defendant M.G.H. Home Improvement, Inc. ("M.G.H.") to dismiss the complaint for failure to state a claim upon which relief can be granted (Doc. # 4) ("Motion to Dismiss") and to transfer venue to the Eastern District of Michigan (Doc. # 5) ("Venue Motion"). For the reasons set forth below, both motions will be denied.

## BACKGROUND

Plaintiff Hechinger Investment Company of Delaware, Inc. ("Hechinger") initiated an adversary proceeding against M.G.H. on May 23, 2001 by filing a com-

plaint for avoidance and recovery of allegedly preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code.[1] M.G.H. asserts that Hechinger's preference action should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Hechinger has failed to comply with Michigan state law, which M.G.H. asserts is controlling.[2] In response Hechinger contends that as its complaint is pled under federal bankruptcy law, to the extent Michigan state law conflicts with §§ 547 and 550, it is preempted. M.G.H. also asserts that this forum is not the proper venue for the preference action.

## DISCUSSION

### The Motion to Dismiss: Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) is designed "to test the legal sufficiency of a complaint." *Official Comm. of Unsecured Creditors of TEU Holdings, Inc. v. Kemeny (In re TEU Holdings, Inc.)*, 287 B.R. 26, 31 (Bankr.D.Del.2002). Federal Rule of Civil Procedure 8(a)(2) mandates only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] That statement serves to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Upon consideration of a Rule 12(b)(6) motion, a court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). The "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The threshold a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6) is thus "exceedingly low." *Edwards v. Wyatt*, 266 B.R. 64, 71 (E.D.Pa.2001).

### Hechinger's Claim Under § 547

Section 547(b) provides, in relevant part, that the trustee may avoid any transfer of an interest of the debtor in property: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the date of the filing of the petition; and (5) that enables the creditor to receive more than it would receive if (A) the case were a case under Chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title. *See* 11 U.S.C. § 547(b).

---

**1.** The Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, is hereinafter referred to as "§ ⎯⎯."

**2.** Federal Rule of Civil Procedure 12(b)(6) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

**3.** Federal Rule of Civil Procedure 8 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008.

Hechinger asserts in its complaint that it made payments to M.G.H. within the preference period. *See* Hechinger Complaint (Doc. # 1) at ¶ 5. It further asserts that as M.G.H. had a claim against it when the transfer occurred, it was a "creditor" within the meaning of the Bankruptcy Code. *Id.* at ¶¶ 6–7. Hechinger also asserts in its Complaint that the transfers were on account of an antecedent debt. *Id.* at ¶ 8. Hechinger also contends that it was insolvent within the meaning of the Bankruptcy Code during the entire preference period. *Id.* at ¶ 9. Hechinger further asserts that M.G.H. received more as a result of the transfer than it would have under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, or if it had received payment to the extent provided by the provisions of Chapter 11. *Id.* at ¶ 10. Finally, Hechinger contends that, pursuant to § 550(a)(2), it may recover transfers avoided pursuant to § 547(b). *Id.* at ¶ 12.

As noted above, I am compelled to accept as true all allegations asserted in the complaint. Treating the allegations, which are sufficient to put M.G.H. on notice as to what Hechinger's claim is and upon what grounds it rests, as true mandates the conclusion that Hechinger has stated a claim and is entitled to offer evidence in support of that claim.

### Preemption

■ M.G.H. asserts, however, that property rights are to be determined and defined by state law and, as such, although this action is brought under federal bankruptcy law, it must comply with state law requirements.[4] *See Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59

L.Ed.2d 136 (1979). That is not so, according to Hechinger, as federal bankruptcy law would preempt state law barring an allowed federal claim pursuant to the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, § 1, cl. 2. The Supreme Court has adopted the following analysis of when federal law preempts state law:

In determining whether a state statute is pre-empted by federal law and therefore invalid under the Supremacy Clause of the Constitution, our sole task is to ascertain the intent of Congress. Federal law may supersede state law in several different ways. First, when acting within constitutional limits, Congress is empowered to pre-empt state law by so stating in express terms. Second, congressional intent to pre-empt state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress "left no room" for supplementary state regulation . . . .

As a third alternative, in those areas where Congress has not completely displaced state regulation, federal law may nonetheless pre-empt state law to the extent it actually conflicts with federal law. Such a conflict occurs either because "compliance with both federal and state regulations is a physical impossibility," or *because the state law stands "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."*

---

**4.** M.G.H. was a sub-contractor to general contractor Hechinger. M.G.H. asserts that various sections of the Michigan Construction Lien Act protect its property rights, including payment for work performed and the waiving of its construction lien. M.G.H. also asserts that Hechinger must prove it is a licensed

residential building contractor that established an appropriate trust fund under Michigan law prior to being allowed to bring a cause of action. *See, e.g.,* Mich Comp. Laws Ann. §§ 339.2403, 339.2411, 339.2412, 570.151 and 570.1111.

*Cal. Fed. Sav. and Loan Ass'n v. Guerra,* 479 U.S. 272, 280–281, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987) (citations omitted) (emphasis added).

In this case, section 547(b) "is designed to help creditors by allowing the debtor or trustee to avoid transactions that favor certain creditors, and recover the funds for equitable distribution to all the creditors." *Jones v. Aristech Chem. Corp.,* 157 B.R. 720, 723 (N.D.Ga.1993). As application of Michigan state law would potentially preclude the estate's recovery of preferential transfers under federal bankruptcy law, Michigan law is an obstacle to the accomplishment and execution of the full purposes and objectives that Congress had in enacting the Bankruptcy Code. As such, it is preempted by section 547 of the Bankruptcy Code and the Motion to Dismiss must be denied.[5]

### The Venue Motion

Though it does not specify which court the case should be transferred to, it appears from its papers that M.G.H. seeks to have this case transferred to the United States District Court for the Eastern District of Michigan ("Eastern District"). As a general rule, "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a). There are several exceptions, none of which are applicable here. *See* 28 U.S.C. § 1409(b)-(e). Though venue is proper here, a court may "transfer a case or proceeding under title 11 to a district court for another district in

the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* Fed. R. Bankr.P. 7087.

There is a strong presumption in favor of maintaining venue where the bankruptcy case is pending. *Windsor Communications Group, Inc. v. Five Towns Stationery, Inc. (In re Windsor Communications Group, Inc.),* 53 B.R. 293, 296 (Bankr.E.D.Pa.1985). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.; see also Internal Revenue Serv. v. CM Holdings, Inc.,* No. 97–695–MMS, 1999 WL 459754, at *4 (D.Del. June 10, 1999). The burden of proof is on the party requesting the transfer. *In re Windsor,* 53 B.R. at 296. That burden must be carried by a preponderance of the evidence. *Whippany Paper Bd. Co. v. Victory Container Co. (In re Whippany Paper Bd. Co.),* 15 B.R. 312, 317 (Bankr.D.N.J.1981). Ultimately, the decision to transfer or retain a case lies within the sound discretion of the Court. *Frazier v. Lawyers Title Ins. Co. (In re Butcher),* 46 B.R. 109, 112 (Bankr.N.D.Ga. 1985).

In determining the appropriate venue, bankruptcy courts generally take the following eight factors into account:

1) the location of the plaintiff and defendant;

2) the ease of access to the necessary proof;

3) the availability of subpoena power for the unwilling witnesses;

---

5. As the Michigan Construction Lien Act is preempted, it is irrelevant what property rights it creates. M.G.H. properly relies on *Butner* for the proposition that property interests "are created and defined by state law." *Butner,* 440 U.S. at 55, 99 S.Ct. 914. However, that proposition is limited by the next sentence of the opinion, which reads "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* Here, a federal interest, 11 U.S.C. § 547(b), does require a different result.

4) the expense related to obtaining willing witnesses;

5) the enforceability of any judgment rendered;

6) the ability to receive a fair trial;

7) the state's interest in having local controversies decided within its borders, by those familiar with its law; and

8) the economics of the estate administration.

*Southwinds Assocs., Ltd. v. Reedy (In re Southwinds Assocs., Ltd.),* 115 B.R. 857, 862 (Bankr.W.D.Pa.1990).

 With regard to the first factor, Hechinger is a Delaware corporation, while M.G.H. is located in the Eastern District. As to the second factor, though the necessary documents and other evidence appears to be located in the Eastern District, M.G.H. makes no allegation that it would be difficult or inconvenient to produce the evidence in this Court and I doubt that the records relevant to this preference action are voluminous.

With regard to the third factor, M.G.H.'s witnesses are "presumed to be willing to testify in either forum despite the inconvenience that one of the forums would entail." *CM Holdings,* 1999 WL 459754, at *4. Concerning the fourth, and somewhat related factor, the costs associated with M.G.H.'s witnesses traveling to this forum from the Eastern District are unlikely to be prohibitively expensive. Presumably, M.G.H. is financially solvent and is therefore better able to bear the expenses associated with its witnesses testifying in Hechinger's preferred forum than Hechinger would be able to bear the expenses of its witnesses testifying in M.G.H.'s preferred forum.

With regard to the fifth factor, it is true that any judgment in favor of Hechinger would require enforcement in the Eastern District. However, Hechinger had to have been aware of that when it chose to bring its preference action in this forum. More importantly, as M.G.H. has not objected to this Court's *in personam* jurisdiction, I see no reason why any judgment entered in this Court would not be given full faith and credit in the Eastern District, making enforcement of any judgment no more difficult that if it were issued by the Eastern District. As to the sixth factor, neither party has raised any allegation that it would be unable to receive a fair trial in this forum. Concerning the seventh factor, I note that this is a preference action arising under federal law. To the extent that application of Michigan law is relevant to the outcome of the preference action, M.G.H. makes no assertion that those state law issues are either complex or novel. Finally, with regard to the eighth factor, the economics of the estate administration indicate that this preference action should remain in this forum. Forcing the estate to prosecute its action in the Eastern District will increase administrative expenses, lower the amounts ultimately available for distribution to the large body of creditors in the chapter case. *In re Southwinds Assocs.,* 115 B.R. at 862.

I do not believe that M.G.H. has met its burden of proving by a preponderance of the evidence that a change of venue to the Eastern District is warranted. As there is a strong presumption against disturbing the venue chosen by the plaintiff, I will deny the Venue Motion.

## CONCLUSION

For the foregoing reasons, both M.G.H.'s Motion to Dismiss and its Venue Motion will be denied.