**In re OAKWOOD HOMES CORPORATION, et al. Debtors.**

**OHC Liquidation Trust, by and through Alvarez & Marsal, LLC, the OHC Liquidation Trustee, Plaintiff,**

**v.**

**Nucor Corporation, Defendant.**

**Bankruptcy No. 02–13396(PJW).**
**Adversary No. 04–56907(PBL).**

United States Bankruptcy Court, D. Delaware.

June 7, 2005.

Michael G. Busenkell, Wilmington, DE, for Debtors.

Kathleen Judith Campbell, Campbell & Levine LLC, Wilmington, DE, for Plaintiff.

### MEMORANDUM

PAUL B. LINDSEY, Bankruptcy Judge.

This adversary proceeding was commenced on November 11, 2004 by the Plaintiff, the OHC Liquidation Trust, seeking to avoid and recover certain allegedly preferential and fraudulent transfers pursuant to §§ 544, 547 and 548 of the Bankruptcy Code. At issue is Count II of Plaintiff's Complaint which alleges a claim for constructive fraud. Nucor Corporation, the Defendant, has moved this Court to dismiss upon the basis that Count II fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] and that Count II fails to satisfy the pleading requirements under Federal Rule of Civil Procedure 9(b).[2] For the reasons following, Nucor Corporation's Motion to Dismiss ("the Motion") will be granted. Plaintiff, however, will be allowed to amend Count II of the Complaint.

Count II of Plaintiff's Complaint consists of the following paragraphs:

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs I through 16 above as if fully set forth herein.

18. Alternatively, as a result of the Avoidable Transfer, one or more of the Debtors received less than a reasonably equivalent value in exchange for the Avoidable Transfer.

19. The Avoidable Transfer either (a) was made while the respective Debtor or Debtors were insolvent; (b) left the respective Debtor or Debtors with unreasonably small capital; and/or (c) was made while the respective Debtor or Debtors intended to incur or believed that it had incurred debts that it would not be able to pay as they became due.

20. By reason of the foregoing, the Avoidable Transfer should be avoided and set aside as a fraudulent transfer.

(Plaintiff's Complaint to Avoid and Recover Avoidable Transfers, at 4) Also included as an attachment to the Complaint is Exhibit A which lists the amount of alleged transfers, the check date, and the check number.

Defendant contends that Count II fails to satisfy the pleading requirements of Rule 9(b) because Plaintiff has not plead with particularity. Defendant alleges that there are insufficient facts to provide fair notice of the claims against it, and therefore, Count II must be dismissed.

Plaintiff opposes the Motion arguing that Defendant has not stated any grounds to support dismissal pursuant to Rule 12(b)(6), and further argues that Rule 9(b)

---

1. Federal Rule of Civil Procedure 12(b)(6) is made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012.

2. Federal Rule of Civil Procedure 9(b) is made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7009.

does not apply to this adversary complaint because the claims under Count II are based upon constructive fraud and Rule 9(b) is only applicable to claims based upon actual fraud. (Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss Count II, at 6) Alternatively, Plaintiff alleges that even if Rule 9(b) does apply, the facts plead in the Complaint are sufficient to comply with the Rule.

### Discussion and Decision

Rule 9(b) of the Federal Rules of Civil Procedure provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Plaintiff's primary argument is that Rule 9(b) does not apply to adversary proceedings that allege claims for constructive fraud as opposed to actual fraud, and cites to a footnote in *Scharffenberger v. Philadelphia Health Care Trust (In re Allegheny Health, Education and Research Foundation)*, 253 B.R. 157 (Bankr.W.D.Pa., 2000) for this proposition. Plaintiff has misstated the court's application of Rule 9 in *Scharffenberger*. The *Scharffenberger* court was referring to the Third Circuit's relaxed standard of applying Rule 9(b) that has been carved out for bankruptcy trustees who are pleading fraudulent transfer counts. *See, In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199, 203 (Bankr. S.D.N.Y., 1983) (adopting a less stringent standard of pleading under Rule 9(b) in a bankruptcy setting particularly where the pleader is an outsider to the transaction); *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 188 (Bankr.D.Del., 2004) (stating the general rule that "in the bankruptcy context, Rule 9(b) should be interpreted liberally, particularly when the trustee ... is bringing the action."); *In re Reach McClinton & Co., Inc.*, 62 B.R. 978, 981 (Bankr.D.N.J., 1986) (applying a more liberal pleading standard for a trustee in bankruptcy who is pleading allegations of

fraud); 10 Collier on Bankruptcy P 7009.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.) ("When a trustee in bankruptcy pleads a claim of fraud, cases have held that the Rule 9(b) requirement of particularity is relaxed.").

■ There is no question that Rule 9(b) applies to adversary proceedings in bankruptcy which include a claim for relief under §§ 544 or 548, whether it is based upon actual or constructive fraud. *See, Levitt v. Riddell Sports (In re MacGregor Sporting Goods, Inc.)*, 199 B.R. 502 (Bankr.D.N.J., 1995) (applying Rule 9(b) to fraudulent conveyance claim under § 548); *In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199 (Bankr.D.N.Y., 1983) (same); *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 188 (Bankr.D.Del., 2004) (same); *Forman v. Jeffrey Matthews Fin. Group, LLC (In re Halpert & Co., Inc.)*, 254 B.R. 104 (Bankr.D.N.J., 1999) (same).

■ Plaintiff has also argued that in the event that we find that Rule 9(b) applies to this proceeding, the Complaint has included sufficient facts and details to place Defendant on notice of the constructive fraud which Plaintiff has alleged. Plaintiff directs the Court to a footnote in *Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, which states that "the requirements of rule 9(b) may be satisfied if the complaint describes the circumstances of the alleged fraud with 'precise allegations of date, time, or place' or by using some means of 'injecting precision and some measure of substantiation into their allegations of fraud.'" *Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 101 (3d Cir.(N.J.), 2002) (quoting *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494 (D.N.J., 1999)).

Even applying the liberal or relaxed standard of Rule 9(b) for bankruptcy trus-

tees, it is evident in this proceeding that Plaintiff has failed to plead with sufficient particularity to comply with the Rule. Other than merely identifying the allegedly fraudulent transfers with the information on Exhibit A, Count II of the Complaint fails to allege with specificity any facts in support of the fraudulent transfer claim. Plaintiff has alleged no facts or other supporting information which would establish the fraudulent nature of those alleged transfers and has essentially recited only the statutory language of § 548(a) of the Code.[3]

Defendant has also moved to dismiss Count II under Rule 12(b)(6). In order to prevail on a Motion to Dismiss pursuant to Rule 12(b)(6), the movant must conclusively establish that there is no set of facts upon which the plaintiff could recover on its claim. *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 186 (Bankr.D.Del.2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3rd Cir.(Pa.), 1997)). The Court must construe the complaint in the light most favorable to the non-moving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). And further, it must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Morse*, 132 F.3d at 906; *Hechinger Inv. Co. of Delaware Inc. v. M.G.H.*

*Home Improvement (In re Hechinger Inv. Co. of Delaware, Inc.)*, 288 B.R. 398, 400 (Bankr.D.Del.2003).

Based upon the same reasoning as above, this Court also finds that Plaintiff fails to state a claim upon which relief can be granted with respect to Count II of the Complaint. However, Plaintiff has alternatively moved for leave to amend its Complaint. Defendant opposes such relief on the basis that any such amendment would be futile. (Defendant's Reply Brief in Support of Its Motion to Dismiss, at 4)

Rule 15 of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that a party may amend a pleading only by leave of the court once a responsive pleading has been filed and that leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). *See also, Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Forman Court also articulated in what instances that leave should not be given: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* As mentioned above, Defendant has alleged futility, however, Defendant

---

**3.** Section 548(a) provides:

(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily-

    (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

    (B) (I) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

    (ii) (I) was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

    (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

    (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

has failed to offer a persuasive argument to support its contention. Therefore, leave to amend will be granted in order for Plaintiff to conform Count II to the requirements of the Federal Rules of Civil Procedure.

An appropriate order follows.

***ORDER REGARDING DEFENDANT NUCOR CORPORATION'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER TRANSFERS***

For the reasons set forth in the accompanying Memorandum of even date herewith, **IT IS HEREBY ORDERED** that Nucor Corporation's Motion to Dismiss is **GRANTED**. However, Plaintiff is **GRANTED** leave to amend Count II of the Complaint within twenty (20) days of the date of this Order.