In re DBSI, INC., et al., Debtors.

James R. Zazzali, as Trustee for the Chapter 11 Estates of DBSI, Inc., DBSI Securities Corporation, DBSI Realty Inc., DCJ Inc., and DBSI Real Estate Funding Corporation, DBSI Investments Limited Partnership; and DBSI Redemption Reserve Fund, Plaintiffs,

v.

Walter E. Mott, Defendant.

James R. Zazzali, as Trustee for the Chapter 11 Estates of DBSI, Inc., DBSI Securities Corporation, DBSI Realty Inc., DCJ Inc., DBSI Real Estate Funding Corporation, and DBSI 2001A Funding Corporation; Investments Limited Partnership; and DBSI Redemption Reserve Fund, Plaintiffs,

v.

John Foster, Defendant.

Bankruptcy No. 08–12687 (PJW).
Adversary Nos. 10–51302 (PJW),
10–51309(PJW).

United States Bankruptcy Court,
D. Delaware.

Jan. 11, 2011.

Donna L. Harris, Patricia R. Uhlenbrock, Pinckney, Harris & Weidinger, LLC, Wilmington, DE, for Defendants Walter E. Mott and John D. Foster.

William R. Firth, Gibbons P.C., Wilmington, DE, Brian J. McMahon, Gibbons P.C., Newark, NJ, for James R. Zazzali, as

Trustee for the DBSI Estate Litigation Trust.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the motions (Doc. # 15) of Walter E. Mott and John D. Foster (collectively, the "Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 the Amended Complaints (the "Complaints") of James R. Zazzali, as trustee ("Trustee") for the estates of DBSI, Inc. ("DBSI") and certain affiliated Chapter 11 debtors (collectively, the "Debtors"). Trustee's Complaints seek to recover transfers made from the DBSI entities to Mott and Foster during the four years preceding DBSI's bankruptcy. For the reasons discussed below, I will deny the motions, except as to one count.

### Background

DBSI and its related entities were involved in three main spheres of business activity: the syndication and sale to investors of tenant-in-common interests in real estate, the purchase of real estate, and investments in technology companies.

According to the Complaints, Mott and Foster were equity holders, general partners, and directors and/or managing officers of various DBSI related entities. In 2002 and 2006, Mott and Foster allegedly sold their equity and partnership interests in the DBSI enterprise through Stock Repurchase Agreements and Partnership Interest Redemption Agreements (the "Agreements") for payments to be made over several years that, in the aggregate, totaled roughly $7 million.[1]

DBSI and certain of its affiliates filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, on November 6, 2008. The Court approved the appointment of Trustee on September 11, 2009. Trustee commenced these adversary proceedings on June 30, 2010, seeking to avoid the transfers made to Mott and Foster pursuant to the Agreements and to enjoin Mott and Foster's attempt to enforce their Partnership Interest Redemption Agreements against DBSI Investments Limited Partnership ("Investments") through an Idaho state court action.

Specifically, in the Complaints Trustee alleges that the Agreements were actually and/or constructively fraudulent to DBSI's creditors because, at the time of the Agreements, (i) Mott and Foster were insiders of the DBSI enterprise, (ii) the DBSI enterprise was insolvent, and (iii), due to the enterprise's insolvency, the equity and partnership interests were of no value. Trustee also seeks injunctive relief to stay Mott and Foster's Idaho state court action against Investments.

At the time these Complaints were filed, Investments was not part of the DBSI estate. Since then, this Court made findings of fact and conclusions of law that "DBSI ran its business and entities as a unified enterprise under common ownership and control" with a "small group of insiders [that] employed that control to raise cash, commingle it, and then distribute it as needs presented." Findings of Fact, Conclusions of Law and Order Confirming Second Amended Joint Chapter 11 Plan of Liquidation, Case No. 08–12687, Docket No. 5924. Accordingly, this Court approved the substantive consolidation of the DBSI Debtors along with certain

---

1. This total amount includes $3,254,851.45 transferred to Foster, and $3,563,103.13 to Mott.

DBSI non-debtors, including Investments. That substantive consolidation order was entered *nunc pro tunc* to November 10, 2008. Accordingly, both sides agree that the claim for injunctive relief is now moot.

The remaining counts in the Complaints seek to recover the transfers under the Bankruptcy Code's fraudulent conveyance and preferential payment provisions, 11 U.S.C. §§ 544, 547 and 548, under Idaho state fraudulent conveyance statutes, Idaho Code §§ 55–906, 55–913, 55–914, 55–916, and 55–917, and under the equitable remedies of unjust enrichment and a declaratory judgment that the Agreements are void for lack of consideration.

In their motions to dismiss, Mott and Foster contend that the allegations of actual fraudulent intent fail because the Complaints (a) provide no direct evidence of fraudulent intent, (b) have not sufficiently pleaded any "badges of fraud", (c) fail to sufficiently plead that Mott and Foster were "insiders", and (d) fail to sufficiently plead that the DBSI entities were insolvent. Concerning the claims of constructively fraudulent conveyances, Defendants argue that DBSI received reasonably equivalent value for the transfers and, again, that the Complaints fail to sufficiently plead that Defendants were "insiders" or that the DBSI was insolvent at the time of the transfers. Concerning the counts under Idaho law, Defendants raise the same arguments and further contend that the causes of action under § 55–914(2) are untimely. Finally, Defendants argue that Trustee lacks standing to bring avoidance actions on behalf of Investments, which was not a debtor in the DBSI proceeding. However, this last argument is now moot following the substantive consolidation of Investments with DBSI debtor affiliates.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations in the complaint. *Official Committee of Unsecured Creditors of Fedders North America, Inc. v. Goldman Sachs Credit Partners L.P. (In re Fedders North America, Inc.)*, 405 B.R. 527, 536 (Bankr.D.Del. 2009). A complaint can survive a motion to dismiss if it contains sufficient factual allegations which, when construed in the light most favorable to the plaintiff, would establish "plausible grounds" for a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir.2009).

■ Factual allegations are sufficient to state a claim for relief under Federal Rule of Civil Procedure 8 if, when construed in the light most favorable to the plaintiff, they would establish "plausible grounds" for a claim. *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. Typically, allegations of fraud must meet the heightened pleading requirements of Rule 9: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); *Fedders*, 405 B.R. at 544. "The purpose of this rule is to 'place the defendants on notice of the precise misconduct with which they are charged....'" *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 188 (Bankr.D.Del.2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984)). Rule 9's requirements, however, are relaxed in the bankruptcy context, particularly in cases such as the present in which a trustee has been appointed. *In re APF Co.*, 308 B.R. at 188.

The allegations of actual fraud and constructive fraud, under the Bankruptcy Code and under Idaho law, must meet

these pleading requirements in order to survive these motions to dismiss.

## Discussion

### A. Actual Fraud

■ Section 548(a)(1)(A) permits a trustee to recover transfers from the debtor made within two years before the petition date if the debtor "made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted." 11 U.S.C. § 548(a)(1)(A). Because direct evidence of fraudulent intent is difficult to prove, a plaintiff can sufficiently plead fraudulent intent by alleging certain "badges of fraud," including "(1) the relationship between the debtor and the transferee; (2) consideration for the conveyance; (3) insolvency or indebtedness of the debtors; (4) how much of the debtor's estate was transferred; (5) reservation of benefits, control or dominion by the debtor over the property transferred; and (6) secrecy or concealment of the transaction." *Fedders,* 405 B.R. at 545.

■ Here, the Complaints allege that Mott and Foster were insiders. Trustee accurately asserts that the question of insider status is a fact-intensive inquiry, making it inappropriate for resolution in this motion to dismiss. Trustee's Amended Memorandum of Law in Opposition to Defendant John Foster's Motion to Dismiss the Amended Complaint (Doc. # 22), citing *Stanziale v. Pepper Hamilton LLP (In re Student Fin. Corp.),* 335 B.R. 539, 547 (D.Del.2005) and *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.),* 340 B.R. 510, 524 (Bankr.D.Del.2006). Notwithstanding this general rule, the Complaints contain sufficient factual allegations regarding Mott and Foster's insider status. Accepting the allegations in the Complaints as true, which this Court must do when considering a motion to dismiss, Foster acquired a 5% stake in DBSI and its related entities in 1992, served as a director and/or executive officer of various DBSI related entities, served on the board of directors of various technology companies, and was a general partner in the entity that became Investments. First Amended Complaint, Case No. 10–51309, at 14–15 (Doc. # 12). Likewise, Mott was a general partner of Investments as well a member of the management boards of various DBSI entities. First Amended Complaint, Case No. 10–51302, at 29 (Doc. # 12).

■ These allegations focus on the status of Mott and Foster at the time of the Agreements. That time, rather than the time the transfers took place, as contended by Defendants, is the relevant period for examining whether these Agreements were fraudulent. *In re TSIC, Inc.,* 428 B.R. 103, 112 (Bankr.D.Del.2010). These alleged facts sufficiently set forth plausible bases for determining that Mott and Foster were insiders at the relevant time.

The Complaints also allege that DBSI, Investments, and the other relevant related entities were insolvent at the time of the Agreements. Furthermore, Trustee alleges that the overall DBSI enterprise was insolvent at that time. In support of these allegations of insolvency, Trustee alleges that the DBSI related entities never generated a profit, that their liabilities exceeded their assets, that they all depended on investment money being distributed among the entities as needed, and that the entities failed to properly account for their assets and liabilities.

Defendants contend that these allegations are insufficient, arguing that Trustee must provide a "precise calculation and allegation of 'the sum of the excess of the value of each general partner's nonpart-

nership property . . . over such partner's nonpartnership debts.' " Opening Brief of Defendant John D. Foster in Support of Motion to Dismiss the Amended Complaint, Docket No. 7, at 26, quoting 11 U.S.C. § 101(32).[2]

■■ This contention is unavailing for two reasons. First, as with the inquiry into Mott and Foster's insider status, insolvency is generally a factual determination not appropriate for resolution in a motion to dismiss. *See, e.g., Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.)*, 78 F.3d 30, 35 (2d Cir.1996) and *Adelphia Commc'ns. Corp. v. Bank of America, N.A. (In re Adelphia Commc'ns. Corp.)*, 365 B.R. 24, 37 (Bankr.S.D.N.Y. 2007). Even if this general rule does not apply here, the Trustee has sufficiently pleaded facts alleging the transferors' insolvency. Second, because the relevant DBSI entities have been substantively consolidated, Trustee's allegations of the insolvency of the unified DBSI enterprise is sufficient to meet the insolvency criteria for fraudulent transfer analysis. As asserted by Trustee: "The entire DBSI enterprise, being a Ponzi scheme, was by definition insolvent during that time, as it was dependent on constant infusions of cash from new investors to satisfy obligations owed to prior ones." (Doc. # 22, p. 2)

Finally, because Trustee has sufficiently alleged that the unified DBSI enterprise was insolvent, Trustee has necessarily alleged that Mott and Foster's interests in the DBSI enterprise were valueless. *See*

*Consove v. Cohen (In re Roco Corp.)*, 701 F.2d 978, 982 (1st Cir.1983) (finding that a stock redemption was "virtually worthless" to the corporation). The Agreements, therefore, involved payments from DBSI and its entities to Mott and Foster in return for worthless equity and partnership interests.

■ These three alleged badges of fraud—Mott and Foster were insiders at the time of the Agreements, the transferors were insolvent at the time of the Agreements, and the Agreements involved the transferor's purchase of worthless interests—are sufficient to allege that the Agreements were actually fraudulent.

### B. Constructive Fraud

Section 548(a)(1)(B) provides a tool for a trustee to recover constructively fraudulent transfers if the debtor

(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

---

2. 11 U.S.C. § 101(32) provides that
The term "insolvent" means—
\* \* \*
(B) with reference to a partnership, financial condition such that the sum of such partnership's debt is greater than the aggregate of, at a fair valuation—
(i) all of such partnership's property, exclusive of property of the kind specified in subparagraph (A)(i) of this paragraph; and
(ii) the sum of the excess of the value of each general partner's nonpartnership property, exclusive of the property of the kind specified in subparagraph (A) of this paragraph, over such partner's nonpartnership debts.

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B).

As discussed above, Trustee has sufficiently alleged that the DBSI enterprise was insolvent at the time of the Agreement. In addition, he has sufficiently alleged that the DBSI enterprise received less than reasonably equivalent value for the money it paid in the Agreements. Accordingly, the Complaints have adequately alleged that the Agreements were constructively fraudulent transfers.

C. Idaho Law

 Idaho law similarly provides statutory means to recover transfers that are either actually or constructively fraudulent to creditors, including those who were creditors at the time of the transfer and those that became creditors subsequently. Idaho Code § 55–906 (voiding all transfers made with the intent to delay or defraud any creditor); § 55–913 (actual and constructive fraudulent transfers as to present and future creditors); § 55–914 (constructive fraudulent transfer as to present creditors); § 55–916 (providing creditors' remedies for fraudulent transfers).

While these causes of action mirror those available under § 548, Idaho law permits Trustee to recover payments made within four years of the petition date, as compared to § 548's two-year period. Idaho Code § 55–918; *see In re Hodge*, 220

B.R. 386, 389 n. 1 (D.Idaho 1998). The one exception to this rule is that Idaho law requires that transfers to insiders may be recovered for present creditors under § 55–914(2) only within one year of the transfer. Idaho Code § 55–918(3).

For the same reasons as outlined above, Trustee has adequately pleaded that the Agreements were fraudulent transfers under Idaho law. Therefore, I will deny the motions to dismiss the Complaints' Idaho fraudulent transfer counts. However, because of the one-year limitation for actions brought pursuant to § 55–914(2), Trustee is time-barred from pursuing the transfers under that provision.

### Conclusion

For the reasons discussed above, I will deny Defendants' motions to dismiss, except as to count seven of the Complaints. That count, to the extent it seeks to recover amounts transferred under Idaho Code § 55–914(2), is time-barred and will be dismissed.

### ORDER

For the reasons set forth in the Court's memorandum opinion of this date, the motion (Doc. # 15) of Walter E. Mott to dismiss the Complaint is **denied,** except as to Count VII as to which the motion is **granted.**