**In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.**

**Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,**

v.

**Larry Fox d/b/a Aries Fence Co., Defendant.**

**Bankruptcy No. 99–02261(PJW). Adversary No. 01–1776.**

United States Bankruptcy Court, D. Delaware.

July 10, 2003.

Mark E. Felger, John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Joseph L. Steinfeld, Jr., Deborah C. Swenson, Karen M. Scheibe, ASK Financial, Eagan, MN, Co–Counsel Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession.

Daniel J. Anker, Wilmington, DE, Counsel for Larry Fox, d/b/a Aries Fence Co.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

Before the Court is the motion of Larry Fox d/b/a Aries Fence Co. ("Defendant")

to dismiss for improper venue, or in the alternative, to transfer this adversary proceeding (Doc. # 5) (the "Motion"). For the reasons set forth below, the Motion will be denied.

## BACKGROUND

Hechinger Investment Company of Delaware, Inc. ("Hechinger") filed a voluntary Chapter 11 petition on June 11, 1999. On June 6, 2001 Hechinger initiated an action in this Court seeking the avoidance and recovery of allegedly preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code.[1] The transfers at issue total $25,288.68. In lieu of filing an answer, on August 27, 2001 Defendant filed his Motion. Defendant asserts that all events giving rise to Hechinger's Complaint occurred in Harris County, Texas. Thus, he argues that if the Complaint is not dismissed for improper venue, it should be transferred to the United States District Court for the Southern District of Texas, Houston Division (the "Houston Division").

## DISCUSSION

At the outset, I would observe that this adversary proceeding appears to be a very routine action which will require very limited discovery and a short trial, if it goes to trial.

■■■■ As a general rule, in a proceeding arising under title 11 or arising in or related to a case under title 11, venue is proper in the district where the bankrupt-

cy case is pending. *See* 28 U.S.C. § 1409(a).[2] However, 28 U.S.C. § 1412 permits a court to transfer venue of a case properly before it "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The decision of whether venue should be transferred lies within the sound discretion of the Court, though the moving party must demonstrate by a preponderance of the evidence that such change is warranted. *See Larami Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 61 (D.N.J. 2000). "A determination of whether to transfer venue under § 1412 turns on the same issues as a determination under § 1404(a) which permits a court to transfer a *civil action* '[f]or the convenience of the parties and the witnesses [or] in the interest of justice.'" *In re Centennial Coal, Inc.*, 282 B.R. 140, 144 (Bankr.D.Del.2002) *quoting* 28 U.S.C. § 1404(a) (emphasis in original). In addition to the factors set forth in the statutes, the Third Circuit has set forth several additional factors to be considered in ruling upon a motion to transfer venue pursuant to §§ 1404(a) or 1412:(1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of books and records and/or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses— but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the

---

**1.** The Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, is hereinafter referred to as "§ _____."

**2.** Defendant asserts that venue is improper in this Court as § 1409(d) limits venue to "the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought." 11 U.S.C. § 1409(d). However, Defendant's reli-

ance on § 1409(d) is misplaced as, by its terms, it applies to a "claim arising after the commencement of [the bankruptcy] case from the operation of the [debtor's] business." *Id.* Here, however, the allegedly preferential transfers occurred prepetition and did not arise from the operation of the business after the filing of the petition. As § 1409(d) is inapplicable, venue is proper in this Court.

judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879–80 (3d Cir.1995). I find that these factors weigh against transferring venue from this Court to the Houston Division.

▮ With respect to the first factor, plaintiff's choice of forum, the plaintiff has chosen this forum, a decision to which courts normally defer. *See Jumara,* 55 F.3d at 880. With respect to the second factor, defendant's choice of forum, the corollary of the above principle is that the defendant's choice of forum usually does not carry the same weight as that of the plaintiff.

With respect to the third factor, whether the claim arose elsewhere, Defendant asserts that Hechinger delivered an invoice to it at its place of business in Houston. The fact that Defendant was invoiced in Houston is not, by itself, sufficient to warrant transferring venue to the Houston Division.

With respect to the fourth factor, location of books and records, this preference action involves just one prepetition payment made by Hechinger to Defendant. Consequently, document production will be very limited. As with many preference actions, it appears that in this proceeding the location of those documents will have little, if any, impact on trial preparation and trial of the case. It is also likely that most discovery activity will be paper exchanges.

As to the fifth factor, the convenience of the parties as indicated by their relative physical and financial condition, "[f]orcing the estate to prosecute this action in [the Houston Division] will increase administrative expenses, lower the amounts available for distribution under the confirmed Plan, and sap the temporal and financial resources of the Debtor." *Southwinds Assocs., Ltd. v. Reedy (In re Southwinds Assocs., Ltd.),* 115 B.R. 857, 862 (Bankr. W.D.Pa.1990). Thus, the fifth factor weighs in favor of maintaining venue here in Delaware.

With respect to the sixth factor, the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, trial will likely require only two to four witnesses and not last more than one day. There has also been no showing of unavailability of any witness in any forum. I would also note that the experience of this Court is that the vast majority, well over 90%, of preference actions do not go to trial.

As to the seventh factor, it does appear that any judgment in favor of Hechinger would require enforcement in the Houston Division. However, Hechinger had to have been aware of that when it chose to bring its preference action in this forum. More importantly, as Defendant has not objected to this Court's *in personam* jurisdiction, I see no reason why any judgment entered in this Court would not be given full faith and credit in the Houston Division, making enforcement of that judgment no more difficult than if it were issued in the Houston Division.[3] As to the eighth factor,

---

3. Defendant asserts in its Motion that venue is improper in this Court because it has never done business in Delaware. However, Defendant's Motion is filed pursuant to Rule 12(b)(3) (improper venue), not 12(b)(2) (lack of jurisdiction over the person) and thus cannot be said to be an objection to personal jurisdiction.

practical considerations that would make the trial easy, expeditious, or inexpensive, Debtor's local counsel is involved in a large number of other preference actions so that each preference action tried here should minimize the lawyer time versus trying a particular preference action in Texas. As to the ninth factor, the relative administrative difficulty in the two fora resulting from congestion of the court's dockets, a number of other preference actions in this matter are pending before me. As this trial is expected to be short and I am already familiar with all relevant issues, it would be in the interests of judicial economy for me to retain this adversary proceeding rather than have a judge in the Houston Division invest the time on an entirely new matter.

With respect to the tenth factor, public policies of the fora, the essential facts underlying a resolution of this dispute appear to be rather routine. If Defendant were successful in having this case transferred to the Houston Division, it would establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debtor's chapter 11 case, resulting in considerable additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of preference actions, thereby undermining the intended effect of 11 U.S.C. § 547 of equalizing distribution to creditors.

As to the eleventh and twelfth factors, familiarity of the judge with the applicable state law and the local interest in deciding local controversies at home, there are no state law issues which would support a Texas forum over a Delaware forum. Performance of the contract is not an issue. There is also no local interest in deciding local controversies at home since this controversy is not local to any one particular place.

## CONCLUSION

Upon consideration of the above factors, I conclude that venue is proper in this Court and that Defendant has not met its burden of proving by a preponderance of the evidence that a change of venue to the Houston Division is warranted. Therefore, Defendant's Motion is denied.

## ORDER

For the reasons stated in the Court's Memorandum Opinion of this date, Defendant's motion to dismiss for improper venue, or in the alternative to transfer this adversary proceeding (Doc. # 5) is DENIED.