In re HAYES LEMMERZ
INTERNATIONAL INC.,
et al., Debtors.

HLI Creditor Trust, Plaintiff,

v.

Keller Rigging Construction,
Inc., Defendant.

Bankruptcy No. 01–11490MFW.
Adversary No. 03–56981.

United States Bankruptcy Court,
D. Delaware.

July 20, 2004.

James S. Yoder, White and Williams, LLP, Brian A. Sullivan, Werb & Sullivan, Robert K. Beste, Jr., Cohen, Seglias, Pal-

las, Greenhall & Furman, Wilmington, DE, for defendants.

Linda Richenderfer, Saul Ewing LLP, Wilmington, DE, for plaintiff.

Anthony W. Clark, Mark S. Chehi, Michael W. Yurkewicz, Skadden Arps Slate Meagher & Flom, Chad Joseph Toms, Kathleen P. Makowski, Saul Ewing LLP, Michele C. Gott, Smith, Katzenstein & Furlow, LLP, Teresa K.D. Currier, Klett, Rooney, Lieber & Schorling, Thomas G. Macauley, Zuckerman and Spaeder LLP, Wilmington, DE, Grenville R. Day, Skadden Arps Slate Meagher & Flom, New York City, Michael W. Yurkewicz, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, Robert Wardrop II, Grand Rapids, MI, for debtor.

Frank J. Perch III, Joseph J. McMahon, Jr., Office of the U.S. Trustee, Wilmington, DE, U.S. Trustees.

J. Kate Stickles, Saul Ewing LLP, Wilmington, DE, succcessor trustee.

Eric Lopez Schnabel, Klett, Rooney, Lieber & Schorling, Eric Michael Sutty, The Bayard Firm, Jeffrey R. Waxman, Cozen O'Connor, Wilmington, DE, for Official Committee of Unsecured Creditors.

## OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion filed by Keller Rigging Construction, Inc. ("the Defendant") asking the Court to transfer venue of this preference action to the United States Bankruptcy Court for the Northern District of Ohio. For the reasons set forth below, the Motion will be denied.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant

## I. FACTUAL BACKGROUND

On December 5, 2001, Hayes Lemmerz International Inc., and several of its affiliates ("the Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code. HLI Creditor Trust ("the Plaintiff") is an entity created by the Debtors' confirmed Plan of Reorganization ("the Plan"), inter alia, to pursue preference actions on behalf of the estate.

On October 16, 2003, the Plaintiff filed a Complaint against the Defendant seeking the avoidance and recovery of allegedly preferential transfers. On May 7, 2004, the Defendant filed the Motion for Transfer. The Plaintiff filed a response to the Motion and the parties have fully briefed the issues. The matter is ripe for decision.

## II. JURISDICTION

This Court has jurisdiction in this adversary, which is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(F).

## III. DISCUSSION

The Defendant seeks to transfer this adversary proceeding to the United States Bankruptcy Court for the Northern District of Ohio. It argues that that Court is a more convenient forum because the Defendant is an Ohio corporation, the contract was entered into in Ohio, and the witnesses are located in Ohio.

Section 1409 of title 28 provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C § 1409.

Section 1412 authorizes a court to "transfer a case or proceeding under title 11 to a district court for another

---

to Federal Rule of Bankruptcy Procedure 7052.

district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. However, there is "a strong presumption of maintaining venue where the bankruptcy case is pending." *Southwinds Assocs., Ltd. v. Reedy (In re Southwinds Assocs. Ltd.)*, 115 B.R. 857, 862 (Bankr. W.D.Pa.1990). The party seeking a transfer bears the burden of demonstrating by a preponderance of the evidence that a transfer of venue is warranted. *Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Del., Inc.)*, 296 B.R. 323 (Bankr. D.Del.2003).

■ "A determination of whether to transfer venue under [section] 1412 turns on the same issues as a determination under [section] 1404(a) which permits a court to transfer a *civil action* '[f]or the convenience of the parties and the witnesses [or] in the interest of justice'." *In re Centennial Coal, Inc.*, 282 B.R. 140, 144 (Bankr.D.Del.2002) (quoting 28 U.S.C. § 1404(a)) (emphasis in original). In determining whether to transfer venue pursuant to section 1404 or 1412, the Third Circuit has articulated several factors:

> (1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of books and records and/or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the court's dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and

(12) the local interest in deciding local controversies at home.

*Hechinger*, 296 B.R. at 325 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir.1995)).

■ With respect to the first factor, the Plaintiff has chosen this forum. As to the second factor, the Defendant prefers another forum. However, deference is given to the plaintiff's choice of forum. *See Jumara*, 55 F.3d at 879–80 (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989)). *See also Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992).

As to the third factor, the Defendant argues that since all items were shipped and delivered in Ohio, a transfer to Ohio is warranted. The Plaintiff argues that the claim in question is a preference action, and, therefore, the situs of the underlying contract or work performed on the contract is not an issue. In considering this factor in the context of a preference action, the Court in *Stone & Webster* stated that the "essential transactions simply involved the sending and receiving of invoices and checks." *Stone & Webster, Inc. v. Couts Heating & Cooling, Inc. (In re Stone & Webster, Inc.)*, ADV. No. 02–3974, 2003 WL 21356088, at *2 (Bankr.D.Del. June 10, 2003). It explained that the location of the project and the performance of the contract were not an issue in a preference action. Further, the Court in *Hechinger* found the fact that the invoices were delivered to the debtor at its place of business in Texas did not, by itself, warrant a transfer of a preference action to Texas. *Hechinger*, 296 B.R. at 326. We agree with that Court's reasoning. Where the underlying contract was performed is irrelevant. Further, the delivery of the invoices to the Debtor in Ohio is not sufficient (alone) to warrant transferring venue to Ohio.

With respect to the fourth factor, the location of the books and records weighs in favor of granting the Defendant's motion. However, we agree with the Plaintiff that since discovery is largely limited to "paper exchanges," the physical location of books and records is of less concern. *Stone & Webster*, 2003 WL 21356088, at *2.

As to the fifth factor, the Plaintiff argues that it will be more convenient for the parties to remain in Delaware because a transfer would increase expenses. We agree with the Plaintiff. Prosecuting in another district "will increase administrative expenses, lower the amounts available for distribution under the confirmed Plan and sap the temporal and financial resources of the Debtor." *Southwinds Assocs.*, 115 B.R. at 862. Here, the Plaintiff would have to hire another counsel, which would create an additional expense on the estate and ultimately deprive the creditors from additional recovery.

With respect to the sixth factor, the Plaintiff asserts that witnesses would be minimally inconvenienced because a trial would likely last only one day. The Defendant argues that this Court will not be able to subpoena witnesses, who reside in Ohio. The convenience of the witnesses is only a factor "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Hechinger*, 296 B.R. at 326 ("I would also note that the experience of this Court is that the vast majority, well over 90%, of preference actions do not go to trial."). In addition, "witnesses are presumed to be willing to testify in either forum despite the inconvenience that one of the forums would entail." *I.R.S. v. CM Holdings, Inc.*, No. CIV.A. 97–695, 1999 WL 459754, at *4 (Bankr.D.Del. June 10, 1999). Here, there is no indication that any of the Defendant's witnesses would be unavailable to testify in Delaware. The parties can presumably obtain the voluntary attendance of their own employee witnesses. The Defendant has not identified the need for any third party witness in this case.

As to the seventh factor, we agree with the Plaintiff that there is no reason that any judgment in this case would not be given full faith and credit in the Ohio courts. *See Hechinger*, 296 B.R. at 326.

The Plaintiff argues that practical considerations, the eighth factor, favor the denial of the Defendant's motion because the bankruptcy cases are pending in this Court, as are numerous other preference actions in this case. The Defendant argues that each preference action should be evaluated separately because each action is based on different facts and raises different defenses. We conclude that, even considering this case alone, if the Plaintiff had to try one of these cases in another district, estate funds and time would be squandered unnecessarily.

As to the ninth factor, the Plaintiff argues that the removal of a single case will not alleviate the Court's heavy caseload. It also asserts that a transfer would be judicially inefficient because the court in Ohio is not familiar with these cases. We agree with the Plaintiff. Trial would be short and this Court is already familiar with the cases. *See, e.g., Hechinger*, 296 B.R. at 327 ("I am already familiar with all relevant issues, it would be in the interests of judicial economy for me to retain this adversary proceeding[.]").

As to the tenth factor, the Plaintiff argues that if the case was transferred to Ohio, it would open the door for any other preference defendants to transfer their cases to other courts, which would impose unnecessary costs on the Plaintiff. We agree with the Plaintiff because a transfer "would establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debt-

or's chapter 11 case, resulting in considerable additional cost to the estate." *Id.*

The eleventh factor is the familiarity of the judge with state law. The Plaintiff argues that the Court does not have any state law issues to consider. The Defendant, on the other hand, raises a defense based on state statutory lien law. However, the Defendant has not asserted that the application of Ohio state law by this Court will present issues that are either complex or novel. *Hechinger Inv. Co. of Del., Inc. v. M.G.H. Home Improvement, Inc. (In re Hechinger Inv. Co. of Del., Inc.)*, 288 B.R. 398, 403 (Bankr.D.Del. 2003). We are able to adequately consider whether Ohio state law presents a defense in this case.

Finally, as to the twelfth factor, the Plaintiff argues that Ohio has no particular interest in the preference action against the Defendant. We agree with the Plaintiff.

After considering the various factors, we conclude that the Defendant has failed to meet its burden that a transfer of venue is warranted. Consequently, we will deny the Defendant's motion.

## IV. *CONCLUSION*

For the reasons set forth above, we deny the Defendant's Motion to transfer the adversary to the United States Bankruptcy Court for the Northern District of Ohio.

An appropriate Order is attached.

### *ORDER*

AND NOW, this **20th** day of **July, 2004,** upon consideration of the Motion filed by Keller Rigging Construction, Inc. ("the Defendant") asking the Court to transfer venue of this preference action to the United States Bankruptcy Court for the Northern District of Ohio and for the reasons set forth in the accompanying Opinion, it is hereby

**ORDERED** that the Debtor's Motion is **DENIED.**