In re ONCO INVESTMENT COMPANY, a Delaware Corporation, et al., Debtors.

**Oglebay Norton Company, Plaintiff,**

v.

**Michael H. Port, Defendant.**

**Bankruptcy No. 04–10558DDS.
Adversary No. 04–54939DDS.**

United States Bankruptcy Court,
D. Delaware.

Feb. 23, 2005.

---

William E. Chipman, Jr., Victoria Watson Counihan, Dennis A. Meloro, Greenberg Traurig, LLP, Daniel J. Defranceschi, Paul N. Heath, Karen McKinley, Richards Layton & Finger, Wilmington, DE, for Debtors.

*MEMORANDUM DENYING MOTION OF DEFENDANT MICHAEL PORT TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION*

DONAL D. SULLIVAN, Bankruptcy Judge.

Upon consideration of Defendant Michael Port's Motion to Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division [Docket Nos. 6 and 12]; Plaintiff Oglebay Norton Company's Opposition [Docket No. 7]; and after due deliberation; the Court concludes that venue shall remain in the District of Delaware Bankruptcy Court.

■■■ In proceedings arising under title 11, or related to a case under title 11, venue is generally proper in the district where the bankruptcy case is pending. *In re Hechinger Inv. Co. of Delaware, Inc.,* 296 B.R. 323, 325 (Bankr.D.Del.2003) (citing 28 U.S.C. § 1409(a)). However, 28 U.S.C. § 1412 gives the Court discretion to transfer venue of a case properly before it "in the interest of justice or for the convenience of the parties." *Id.* (citing 28 U.S.C. § 1412). Yet, even given these considerations, there is a "strong presumption in favor of maintaining venue where the bankruptcy case is pending."[1] *In re Hechinger Inv. Co. of Delaware, Inc.,* 288 B.R. 398, 402 (Bankr.D.Del.2003) (citation omitted); *see also Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.),* 273 B.R. 374, 406–07 (Bankr.E.D.Pa.2002). A plaintiff's choice of venue should only be disturbed when the balance weighs heavily in favor of the defendant's motion for transfer. *Id.* (citations omitted). The defendant therefore must prove, by a preponderance of evidence, that transfer is appropriate. *Id.* (citation omitted).

■ In order to guide courts in evaluating motions to transfer venue, the Third Circuit has enumerated a number of factors to consider, including:

(1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of books and records and/or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home.

---

**1.** The Defendant's reliance on *Krystal Cadillac–Oldsmobile–GMC Truck, Inc. v. General Motors Corp.,* 232 B.R. 622 (E.D.Pa.1999), is misplaced. In *Krystal Cadillac,* the court defined the debtor's "home" court as "the court where the bankruptcy case itself is pending." *Id.* at 627. The *Krystal Cadillac* Court then noted: "As a general proposition, where the plaintiff chooses a forum which is neither his home nor the situs where any of the operative facts of the underlying action is based, his forum selection is entitled to less weight." *Id.* at 629. Here, the Plaintiff commenced this adversary proceeding in its "home" court: the District of Delaware. Therefore, the Plaintiff's choice of forum will be entitled to more weight in evaluating whether venue should be transferred. *See Krystal Cadillac,* 232 B.R. at 629.

*Hechinger Investment Co. of Del.*, 296 B.R. at 325–26 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir.1995)).

■ As to the first factor, plaintiff's choice of forum, the plaintiff has chosen this forum, and courts generally defer to such decisions as long as they are legally proper. *Jumara*, 55 F.3d at 880. As to the second factor, defendant's forum choice, this choice does not carry as much weight as the plaintiff's choice. *Hechinger Investment Co. of Del.*, 296 B.R. at 326.

As to the third factor, whether the claim arose elsewhere, nothing in the current dispute turns on where the contract was formed, performed or breached. *See In re Hayes Lemmerz Intern. Inc.*, 312 B.R. 44, 46 (Bankr.D.Del.2004). Instead, the primary issue in the current dispute is whether the agreement between the parties required Defendant to repay the Plaintiff for tuition costs. This question will be answered through basic contract interpretation, not the location of the underlying events.

As to the fourth factor, the location of books and records, the Defendant has made no showing that there will be a copious amount of document production, which, in turn, would make it difficult to produce evidence to this Court. In fact, it is quite likely that this case will not be document-intensive, as there are relatively few issues in dispute. As such, the location of the books and records bear little significance on the determination of venue.

As to the fifth factor, the convenience of the parties as indicated by their relative physical and financial condition, the Defendant only mentions that it is less convenient and more expensive for him to litigate the present dispute in Delaware. The Defendant, however, has not provided any concrete evidence that it would be less expensive for either party to litigate the dispute in Cleveland, other than mere speculation that the large, corporate Plaintiff chose this forum in order to strong-arm the small, individual Defendant. Yet, this adversary proceeding was properly commenced in Delaware, the forum of the Plaintiff's chapter 11 filing. *See* 28 U.S.C. § 1409(a). Transferring the dispute to another forum may actually increase the administrative expenses of the estate, lower the amounts available for distribution under the Plaintiff's confirmed Plan and sap the temporal and financial resources of the Plaintiff. *Hayes Lemmerz Inter. Inc.*, 312 B.R. at 47 (citation omitted).

As to the sixth factor, the convenience of the witnesses, this factor is limited to a showing that the witnesses are actually unavailable for trial in Delaware. *Hayes Lemmerz*, 312 B.R. at 47. The Defendant has made no showing that any of his witnesses are unwilling or unable to appear before this Court. Without such a showing, "witnesses are presumed to be willing to testify in either forum despite the inconvenience that one of the forums would entail." *Id.* (citation omitted).

As to the seventh factor, the enforceability of the judgment, there is no reason to believe that any judgment by this Court would not be given full faith and credit in the Ohio courts. *Id.* The Defendant concedes as much when he argues: "Any judgment entered by the United States District Court for the Northern District of Ohio would be as enforceable as any such judgments entered by this Court." Conversely, any judgment entered by this Court would be as enforceable as any judgement entered by the Northern District of Ohio.

As to the eighth factor, practical considerations that would make the trial easy, expeditious, or inexpensive, the Defendant alleges that it would be less expensive to

litigate the present adversary in a forum closer to the parties, their counsel, witnesses and relevant books and records. This statement fails to address the core question: whether it is actually easier, faster or less expensive to litigate this adversary in another forum. As this trial is expected to be short and this Court is already familiar with the Plaintiff's business, it furthers judicial economy for this Court to retain this adversary proceeding rather than force another court to invest its time on an entirely new matter. *Hayes Lemmerz*, 312 B.R. at 47; *see also Reliance Group Holdings, Inc.*, 273 B.R. at 406–07. Further, if the Plaintiff were forced to litigate this adversary in another forum, estate funds may be squandered unnecessarily. *Hayes Lemmerz*, 312 B.R. at 47.

As to the ninth factor, the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets, removal of a single adversary proceeding will not alleviate this Court's heavy caseload. The Defendant points to the number of adversary proceedings filed in the District of Delaware (versus the number filed in the Northern District of Ohio) for the proposition that it furthers judicial economy to transfer venue to another district. This argument is unavailing, as it is more economical to proceed with the current adversary proceeding in the forum where the main bankruptcy case was filed.

As to the tenth factor, the public policies of the fora, the intended effect of section 547 of the Bankruptcy Code is to equalize distribution among creditors. *Hechinger Investment Co. of Del.*, 296 B.R. at 327. Transferring this adversary to the Northern District of Ohio would open the door for transferring other preference actions away from the forum of Plaintiff's chapter 11 case, thereby increasing the costs of administering the estate. *Id.; see also Hayes Lemmerz*, 312 B.R. at 47–48. Such an increase in administrative costs would run contrary to the intent of the Code, and thus undermine the public policy of this Court.

As to the eleventh factor, the familiarity of the judge with the applicable state law, the only issue of state law presently before the Court relates to the allegation of conversion. This state law question is neither complex nor novel, thus there is no reason to believe that this Court is unable to apply Ohio law. *See Hayes Lemmerz*, 312 B.R. at 47–48.

Finally, as to the twelfth factor, the local interest in deciding local controversies at home, it is unlikely that an Ohio court will have any interest in the turnover of money to the Plaintiff's estate. *See id.* at 48. Though the parties and transactions are local to the Ohio court, the adversary relates to an account receivable allegedly owed to the estate, and thus belongs in the forum where the chapter 11 was filed.[2]

After weighing the above factors, I conclude that venue is proper in this Court and that the Defendant has not met his burden of proving, by a preponderance of the evidence, that transfer to the Northern District of Ohio, Eastern Division, is warranted. A separate order denying the motion shall enter.

### ORDER DENYING MOTION OF DEFENDANT MICHAEL PORT TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

For the reasons set forth in the Court's Memorandum of this date, Defendant's

---

**2.** It is important to note that the present adversary is a core proceeding, as it relates to an account receivable allegedly owed to the estate. 11 U.S.C. § 157(b)(2)(A) and (E).

motion to transfer venue in this adversary proceeding is DENIED.